**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ALLEN P. GOLDEN,

    Petitioner,

v.

ANTOINE COLDWELL, Warden,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-178

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Allen Golden ("Golden"), who is currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as amended, challenging his conviction and sentence obtained in the Wayne County, Georgia, Superior Court. (Docs. 1, 17.) Respondent filed an Answer-Response and a Motion to Dismiss Grounds 1, 2, and 4 of Golden's Petition. (Docs. 10, 11.) Golden filed two Responses. (Docs. 13, 15.) Golden filed a "Motion for Summary Judgment", (doc. 19), to which Respondent filed a Response, (doc. 21). Golden also filed a Motion to Supplement the Record, (doc. 22), and the Court **GRANTS** that Motion.

For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Golden's Petition, **DISMISS as moot** Golden's "Motion for Summary Judgment", **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Golden *in forma pauperis* status on appeal and a Certificate of Appealability.

**BACKGROUND**

Golden pleaded guilty to child molestation in the Wayne County Superior Court on April 13, 2004. He received a split sentence of fifteen years— three years to serve in prison and the remaining twelve years to be served on probation. (Doc. 1, pp. 1–2.) Golden filed several motions to withdraw his guilty plea, but his motions were dismissed because they were filed after the expiration of the term during which the judgment was entered. Golden v. State, 615 S.E.2d 617, 617 (Ga. Ct. App. 2005). Golden's probation was revoked by order dated August 29, 2012, and the Georgia Court of Appeals denied Golden's application for discretionary application to appeal. (Doc. 10, p. 9.)

Golden filed a petition for writ of habeas corpus in the Charlton County Superior Court on July 13, 2006. (Doc. 12-1, p. 1.) In that petition, Golden contended the case against him should have been dismissed because there was no reply within seven days. Golden also contended the warrant was illegal because, on the face of the warrant, a statute is listed which did not exist. Golden asserted the indictment conflicted with the warrant. Finally, Golden alleged his right against double jeopardy was violated. (Id. at pp. 3–4.) The Charlton County court determined Golden waived these claims by pleading guilty. (Doc. 12-2, p. 3.)

Golden also filed supplements to his petition. As to his claim that his plea was involuntary due to his incompetence, the Charlton County court concluded Golden failed to show he was unable to assist in his own defense. (Id. at p. 4.) The Charlton County court also concluded that Golden failed to show "overreaching, fraud or perjury" as to his guilty plea. (Id. at p. 5.) That court found no merit to Golden's ineffective assistance of counsel claims. (Id. at pp. 7–8.) The Charlton County court also concluded that Golden agreed to the portion of his sentence in which he was not allowed contact with his daughter and could not claim his plea was

constitutionally infirm. (Id. at p. 10.) The Georgia Supreme Court denied Golden's application for probable cause to appeal on January 31, 2008. (Doc. 12-3.)

Golden then filed a motion for out-of-time appeal with the Wayne County Superior Court, which denied his motion. Golden appealed that denial, and the Georgia Court of Appeals affirmed that denial on July 17, 2009. Golden v. State, 683 S.E.2d 618 (Ga. Ct. App. 2009).

On September 10, 2010, Golden filed a second petition for writ of habeas corpus in the Liberty County Superior Court, and his petition was transferred to the Telfair County Superior Court. (Doc. 12-4.) In that petition, Golden asserted that his guilty plea and resulting conviction should be vacated based on the transcripts from his plea hearing, which revealed he was not advised of all of his rights. (Id. at p. 5; Doc. 12-6, p. 2.) Golden amended his petition and argued, *inter alia*, that the probationary portion of his sentence should not have been revoked. After conducting an evidentiary hearing, the Telfair County court denied Golden's petition, as amended, on June 3, 2015. (Doc. 12-10.) The Georgia Supreme Court denied Golden's application for certificate of probable cause to appeal the denial of his second state habeas petition on November 16, 2015. (Doc. 12-11.)

## DISCUSSION

In his Petition, which was executed on December 21, 2015, Golden asserts his guilty plea conviction violated his right to due process, (Ground 1). (Doc. 1, p. 5.) Golden alleges the trial court judge did not advise him of his rights under Boykin v. Alabama, 395 U.S. 238 (1969), (Count 2). In addition, Golden asserts the probation warrant was invalid because it was issued before the remittitur to the trial court was issued, (Ground 3). Further, Golden contends the special conditions attached to his sentence render his sentence illegal, (Ground 4). Finally, Golden states the revocation of his probation is illegal because the polygraph test did not

3

corroborate any facts as true, nor is this a scientifically acceptable test within the State of Georgia, (Ground 5). (Id. at p. 9.)

Respondent contends Grounds 1, 2, and 4 of Golden's Petition challenge his 2004 Wayne County conviction and should be dismissed as untimely filed. (Doc. 10, p. 2.) Respondent states Ground 3 of Golden's Petition is "new" and procedurally defaulted under the successive petition rule. (Id. at pp. 3–4.) Further, Respondent maintains that Ground 5 of Golden's Petition fails to state a claim for federal habeas corpus relief.

The Court addresses the parties' contentions in turn.

**I.    Whether Golden Timely Filed Grounds 1, 2, and 4 of his Petition**

Because Respondent raises the issue of the timeliness of three grounds of Golden's Petition, this Court must look to the applicable statute of limitations periods. A petitioner seeking to file a federal habeas petition has one year within which to file his petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Golden's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A);

Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Golden was convicted in the Wayne County Superior Court on April 13, 2004, and he was sentenced on the same date. (Doc. 10, pp. 8–9.) Golden had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Golden did not file an appeal, and thus, his conviction was final on May 13, 2004. Because Golden's conviction became final on May 13, 2004, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to Section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Golden's conviction became final on May 13, 2004. He had one year from that date, or until May 13, 2005, to file a 28 U.S.C. § 2254 petition for writ of habeas

corpus or a properly filed application for State post-conviction or other collateral review.[1] Golden filed his first state habeas corpus petition on July 13, 2006, more than two years after his conviction became final. By that time, the statute of limitations period applicable to Section 2254 petitions had expired. Consequently, the filing of his state habeas corpus petition did not toll the federal statute of limitations. On their face, Grounds 1, 2, and 4 of Golden's Petition were filed untimely. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his Section 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

---

[1] Golden's *pro se* post-conviction motions filed with the Wayne County Superior Court were not "properly filed" within the meaning of Section 2244(d)(2) and could not serve to toll the applicable statute of limitations period. See Golden v. State, 615 S.E.2d 769, 770 (Ga. Ct. App. 2005) ("[T]he general rule is that after expiration of the term at which the judgment was entered a court cannot set aside or alter its final judgment unless the proceeding for that purpose was begun during the term. The terms of court in the Wayne County Superior Court of the Brunswick Judicial Circuit commence on the third and fourth Mondays in April and November. Therefore, Golden was sentenced on April 13 in the November term and he did not file his motions until after the April term commenced. Consequently, the only means available to Golden to withdraw his guilty plea is through habeas corpus proceedings. Further, he was not authorized to file a motion for a new trial because '[o]ne who has entered a plea of guilty cannot move for a new trial, as there was no trial.'") (internal citations omitted).

Golden sets forth no assertion that he is entitled to equitable tolling of the statute of limitations. To be sure, Golden offers no reason why he waited more than two years after his state court conviction was final to file a state habeas corpus petition. In fact, Golden utterly failed to even respond to Respondent's contention that Grounds 1, 2, and 4 of his Section 2254 Petition were filed untimely and that he is not entitled to equitable tolling. Accordingly, Golden is not entitled to equitable tolling.

For all of these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Grounds 1, 2, and 4 of Golden's Petition as untimely filed.

## II.      Whether Ground 3 of Golden's Petition is Barred by the Successive Petition Rule

Respondent contends Golden's assertion that his probation revocation warrant was invalid because it was issued before the remittitur was returned to the trial court is a new ground and is procedurally defaulted under Georgia law. (Doc. 11-1, p. 9.)

Before bringing a Section 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) & (c). When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim. See Rhines v. Weber, 544 U.S. 269, 277–79 (2005). "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless

'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Kelley, 377 F.3d at 1351 (punctuation in original). The unexhausted claims should be treated as if procedurally defaulted. A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted[.]" Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

The successive petition rule is found in O.C.G.A. § 9-14-51, which provides:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

This statute "can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended [state] petition." Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007) (alteration in original).

"A federal court may consider the merits of a procedurally defaulted claim only if the petitioner can show both 'cause' for the default and 'prejudice' from a violation of his constitutional right." Hittson v. GDCP Warden, 759 F.3d 1210, 1260 (11th Cir. 2014) (quoting Wainwright v. Sykes, 433 U.S. 72, 84–85 (1977)). To establish cause, a petitioner must ordinarily "demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in state court." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Golden did not raise this contention in either of his state habeas corpus petitions, though he could have. Thus, this Court can review the relative merits of his claim only upon a showing of cause for Golden's failure and resulting prejudice. However, Golden offers no reason why he

8

did not raise this issue before the state courts, nor does he offer an example of how his default resulted in the prejudice to a constitutional right. Accordingly, the Court should **DISMISS** Ground 3 of Golden's Petition.

### III. Whether Ground 5 Sets Forth a Claim for Federal Habeas Relief

Golden objects to the use of polygraph examination results during his probation revocation proceedings, as such results are scientifically outlawed in the State of Georgia. (Doc. 17, p. 4.) Respondent contends Golden fails to state a claim for federal habeas relief, as Golden does not set forth a constitutional violation. (Doc. 11-1, p. 12.)

Section 2254 of Title 28, United States Code, provides "that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Swarthout v. Cooke, 562 U.S. 216, 218 (2011) (internal citation omitted). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. (internal citation omitted). Rather, "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." Id.

Golden objects to the use of a polygraph examination result in his probation revocation proceeding, which he contends violates Georgia law. Golden fails to allege that the admission of the polygraph examination resulted in a violation of his federal constitutional rights or that the admission of this evidence was anything more than an alleged state law error. Consequently, Golden fails to set forth a viable Section 2254 claim, and the Court should **DISMISS** Ground 5 of Golden's Petition.

### IV.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Golden leave to appeal *in forma pauperis* and deny him a Certificate of Appealability ("COA").  Though Golden has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a

constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Golden's Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Golden *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 11), **DISMISS** Golden's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), **DISMISS as moot** Golden's "Motion for Summary Judgment", and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Golden leave to proceed *in forma pauperis* on appeal and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Golden and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of December, 2016.

---

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA